UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:20-CR-00582 |
| | § | |
| HECTOR AARON RUIZ | § | |

## **MEMORANDUM IN SUPPORT OF PRETRIAL RELEASE**

TO THE HONORABLE SAM S. SHELDON, UNITED STATES MAGISTRATE
JUDGE FOR THE SOUTHERN DISTRICT OF TEXAS – HOUSTON DIVISION:

COMES NOW, HECTOR AARON RUIZ, and requests that the Court release
him from custody on the basis that (1) he has deep, significant ties to this community;
(2) has lived in the Houston, Texas area his entire life; (3) has no prior criminal
history; and (4) has a good history of compliance with conditions of release. These
factors weigh in favor of finding that there are conditions or combination of
conditions that will reasonably assure Mr. Ruiz's presence in court, and the safety
of the community.

I.

Special Agent Whitmire testified that Mr. Ruiz had a good history of
complying with his conditions of release. He's not wrong. Since December 2019,
Mr. Ruiz has been on bond supervision on related State charges in Ft. Bend County.

His conditions of release in Ft. Bend County include GPS monitoring, curfew, no weapons, monthly reporting with his supervision officer, and no contact with the complaining witnesses. Pretrial Services interviewed his pretrial supervision officer in Ft. Bend County and she confirmed that Mr. Ruiz had no reported violations.

The government argued that Mr. Ruiz is a danger to the alleged victims in this case, and the community at large. If this was a real and imminent threat, however, the government would have indicted and sought his detention in December 2019, not almost a year later. On top of that, Mr. Ruiz was indicted by a federal grand jury in November 10, 2020. Yet, the government waited 6 days to arrest him. If the government was concerned about the danger to the community and the alleged victims, why did they not act sooner?

Since Mr. Ruiz was confronted with these allegations a year ago, there have been no claims that Mr. Ruiz tampered with evidence. No allegations that he has attempted to coerce or influence any potential witnesses. Nor that he has committed any new criminal offenses.  In a situation where the government seeks to deprive a person of their liberty, the alleged danger to the community must be based on clear and convincing evidence.[1]

---

[1]  18 U.S.C. § 3142(g).

The Court heard how Mr. Ruiz spent his time while on bond. Witnesses testified that Mr. Ruiz took care of his children, helped his mother around the house, and assisted in the construction of his sister's home. When he did manage to leave the house under GPS monitoring, Mr. Ruiz spent his time volunteering at a temple near his house. Ms. Elizabeth Flores, a fellow volunteer, testified that Mr. Ruiz was punctual, helpful, and that she never heard or had any concerns with him.

If released, Mr. Ruiz will go back to live with his family in Rosharon, Texas and remain at home. He is intent on contesting these allegations and complying with any condition of release that the Court may order, just like he has been doing for the last 11 months.

## II.

Because Mr. Ruiz is alleged to have used a firearm during a crime of violence, this is a rebuttable presumption case.[2] The presumption shifts to the Defendant only the burden of producing rebutting evidence, not the burden of persuasion.[3] The burden of persuasion "always rests with the government."[4] Once rebutted, the presumption is merely "weighed along with other factors in considering detention."[5]

---

[2] 18 U.S.C. § 3142(e)(3)(A).
[3] *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989).
[4] *United States v. Karper*, 847 F.Supp.2d 350, 355 (N.D. New York, 2011).
[5] *Hare*, 873 F.2d at 250.

In order to satisfy the detention standard, the government must prove that the Defendant is a risk of flight by a preponderance of the evidence, and a danger to the community by clear and convincing evidence.[6]

The factors a court shall consider in deciding whether to grant bail include, the nature of the offense, the person's character, length of residence in the community, criminal history, among other considerations.[7] An important consideration, at least from the Defendant's perspective, is past record concerning appearance at court proceedings.[8] The weight of the evidence is a consideration in determining release, but Courts have found this factor to be of "least importance" in the detention determination.[9]

Relevant factors that support a risk of flight include, the use of a number of aliases, unstable residential ties to the community, efforts to avoid arrest, or hidden assets.[10] Evidence of a serious intent to flee the country in response to an indictment also justifies detention as serious risk of flight.[11] Substantial foreign contacts may

---

[6] 18 U.S.C. § 3142(g).
[7] 18 U.S.C. § 3142(g).
[8] 18 U.S.C. § 3142(g).
[9] *United States v. Stanford*, 630 F.Supp.2d 751, 755 (S.D. Tex. 2009); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986); *United States v. Barnett*, 986 F. Supp. 385, 393 (W.D. La. 1997*); United States v. Daniels*, 2018 WL 620537 (N.D. Tex. 2018).
[10] *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988).
[11] *United States v. Vortis*, 785 F.2d 327 (D.C.Cir.1986).

4

also deem the Defendant to be a flight risk.[12]

III.

As it relates to the risk of Mr. Ruiz not appearing at his trial, not only has he appeared in State court for a year, but this Court also saw and heard from the strong ties that Mr. Ruiz has in this community. The Court's concern that Mr. Ruiz faces a significant sentence if convicted, and thus a potential motivation for him to flee, should be tempered by the significant contacts that Mr. Ruiz has in the United States. His two sons, his mother, step-father, sisters, and wife reside in the Houston, Texas area.  There is no evidence in the record that suggests that he has significant contacts in a foreign country. He has no passport. Aside from the fact that he has not fled or tried to flee in almost a year, where and whom is he going to run to if released on bail? His community ties, contacts, and responsibilities are in the Houston, Texas area.

Though it is the least important factor in the detention analysis, the weight of the evidence is not as strong as the government may think. The government's success at trial on the most serious charges is dependent almost entirely on convincing twelve people that the complaining witnesses' allegations are credible. These two

---

[12] *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir.1990).

witnesses did not testify at the detention hearing. Counsel was hampered by cross-examining them through a third-party, and through at least one level of hearsay. Even with these limitations, however, there is plenty of evidence at this point to build a thorough and strong defense to contest the credibility of their allegations.

If the government wishes to detain Mr. Ruiz based upon a danger to the community argument, they must prove this allegation by clear and convincing evidence, not a hypothetical scenario.[13] The evidence presented at the hearing demonstrates that Mr. Ruiz can abide by any condition that this Court places on him. There is no evidence to suggest that Mr. Ruiz has engaged in any post-arrest behavior that would make him a threat to the community or the alleged victims. There is no reason, based on the evidence the Court heard, to believe that he wouldn't be compliant on any conditions of release that the Court may impose.

The Defense proposes the following conditions of release should the Court find them appropriate:

1. Home Detention;

2. $50,000.00 bond with 10% cash deposit into the court's registry;

3. Weekly reporting to Pretrial Services;

---

[13] 18 U.S.C. § 3142(g).

6

4. Not seek to obtain a passport or other travel documents;

5. Continue supervision with Ft. Bend County;

6. Urinalysis testing for illicit substances;

7. Possess no firearms, destructive devices, or any dangerous weapon;

8. No contact with complaining witnesses;

9. Electronic monitoring;

WHEREFORE, PREMISES CONSIDERED, the Defense submits that the 18 U.S.C. § 3142(g) factors demonstrate that there are conditions or combination of conditions that will reasonably assure that Mr. Ruiz will appear at any proceeding before the court, and the safety of the community.

Respectfully submitted,

*/s/ Javier O. Martinez*
JAVIER O. MARTINEZ
Federal ID. No. 2164819
Texas Bar No. 24082538
712 Main Street, Suite 2400
Houston, Texas 77002
Telephone: (713) 228-8500
Email: jom@martinezcriminaldefense.com

Attorney for Defendant,
HECTOR AARON RUIZ

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 1, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered parties.

*/s/ Javier O. Martinez*
JAVIER O. MARTINEZ