AO 472  (Rev. 11/16) Order of Detention Pending Trial

United States District Court
Southern District of Texas

**ENTERED**
December 09, 2020
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 4:20-CR-582 |
| Hector Aaron Ruiz | ) | |
| *Defendant* | ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

     X    Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

     ☐    Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

     ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

         ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

         ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

         ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

         ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

         ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
             **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
             **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

     ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

     ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

     ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

X **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

X **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

X **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

X The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

## Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

X By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

X Weight of evidence against the defendant is strong
X Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
  Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☐ History of alcohol or substance abuse
☐ Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties
☐ Lack of significant community or family ties to this district
☐ Significant family or other ties outside the United States
☐ Lack of legal status in the United States
☐ Subject to removal or deportation after serving any period of incarceration

☐ Prior failure to appear in court as ordered
☐ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☐ Background information unknown or unverified
☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

The Court finds that Defendant has introduced sufficient evidence to rebut the presumption. However, for the following reasons, the Court finds by clear and convincing evidence that no conditions or combination of conditions of release will reasonably assure the safety of any other person and the community. The United States Probation Office is also recommending detention.

The Court held detention hearings on November 24 and 30, 2020. Before the hearings, the Court reviewed the Pretrial Report and the Addendum prepared by the United States Probation Office. Following the hearings, the Court reviewed the Defendant's Memorandum in Support of Pretrial Release (Dkt. No. 13) and the Government's Response to Defendant's Memorandum (Dkt. No. 14).

Defendant, age 25, while acting in his official capacity as a police officer with the Arcola Police Department, is charged with sexually assaulting two women on August 11, 2019 and November 16, 2019. The Government also alleges that he possessed a firearm during both these crimes of violence and obstructed justice during the November 16 encounter by intentionally turning off the audio portion of the dashboard camera in his patrol vehicle.

If convicted, Defendant faces a real possibility of life imprisonment. His base offense level would be a Level 30 (97-121 months) but he would also be subject to several enhancements: four levels under § 2A3.1(b)(1) because the alleged offense involved force or threats; two levels under § 2A3.1(b)(3) because the victim was in Defendant's care, custody or supervisory control; four levels under § 2A3.1(b)(5) because he allegedly abducted his victim; six levels under § 2H1.1(b)(1) because the alleged offense was committed under the color of state law; and two levels under § 3C1.1 for the alleged obstruction of justice by turning off the audio portion of the dashboard camera in his patrol vehicle. If all these enhancements are applied, Defendant's offense level would be a Level 48 (life imprisonment begins at Level 43). Finally, these are calculations resulting from a conviction of only one of the two alleged victims and do not include the potential of two additional mandatory five-year consecutive sentences under 18 U.S.C. § 924(c) if convicted of Counts 3 and 5 in the Indictment.

At the hearings, the Government presented testimony showing that the weight of evidence against Defendant is strong. On November 16, 2019, Defendant pulled over a young woman late at night (who was under the influence of alcohol and potentially narcotics) and instructed her to follow him to another location. The victim tried driving to a different location, but Defendant pulled her over a second time. He ordered her to follow him to a secluded area. While driving to the secluded area, the victim texted a friend stating that she thought she was going to die. Upon arrival, the Defendant allegedly forced the victim to perform oral sex. The victim alleges that Defendant told her that she needed to convince him not to have her thrown in jail. DNA evidence corroborated that Defendant's semen was found on the victim's pants. The Defendant does not deny this sexual encounter. He told his sister and investigators that it was consensual.

After Defendant was arrested in November 2019 related to the first alleged victim, a second alleged victim came forward. These two victims do not know each other. When the second victim's boyfriend was arrested on August 11, 2019, Defendant was called to the scene to translate and he subsequently drove the victim and her young son home in his police vehicle. At their house, Defendant allegedly locked the victim in her bedroom and then forcibly raped her. A family member came to the house and discovered Defendant in the victim's bedroom, although the family member did not witness the alleged rape. The victim was illegally present in the United States and

Defendant allegedly threatened her if she told anyone about their sexual encounter. Defendant does not dispute being present at the victim's home but strongly denies either being in her bedroom and/or engaging in any sexual conduct with her.

Defendant was arrested November 20, 2019 by the Fort Bend County Sheriff's Office and charged with Sexual Assault Felony – 2nd Degree. He was subsequently released on bond in December 2019 and his conditions include GPS monitoring, curfew, no weapons, monthly reporting with his supervising officer, and no contact with the complaining witnesses. For the past year, Defendant has complied with all conditions of his bond. Additionally, Defendant presented evidence showing that he has lived in the Houston area for his entire life, has no prior criminal history, and has strong family and community support. Therefore, the Court finds that the Defendant has presented evidence to rebut the presumption, but after considering the presumption and the other factors discussed *infra*, detention is warranted.

After his arrest in November 2019, Defendant was facing a sentence of 2-20 years for the state offenses. Defendant was subsequently indicted by a federal grand jury on November 10, 2020. As discussed *supra*, he faces a real possibility of life imprisonment based on his presumptive score under the federal sentencing guidelines and the strength of the case against him. Therefore, there is clearly a change in circumstances from when he was released on bond in December 2019.

Defendant asserts that conditions including home detention, weekly reporting to Pretrial Services, continued supervision with Fort Bend County, no firearms, and no contact with complaining witnesses—combined with his compliance with current bond conditions—demonstrate that there are conditions that will reasonably assure the safety of the community. While the Court acknowledges this is a persuasive argument, the Court respectfully disagrees.

The two alleged victims of Defendant's forcible rape still live approximately three miles from the Defendant and fear daily for their safety. As described *supra*, the nature and circumstances of these two alleged rapes—including that Defendant obstructed justice related to the first victim and threatened the second victim if she reported the rape— show there are no conditions or combination of conditions of release that will reasonably assure the safety of any other person and the community.

## Part IV - Directions Regarding Detention

The Defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:     December 8, 2020

Sam S. Sheldon
United States Magistrate Judge