**Jennelle Gonzalez**

| | |
|---|---|
| **From:** | Jennelle Gonzalez |
| **Sent:** | Wednesday, May 24, 2023 5:13 PM |
| **To:** | Javier O. Martinez; nicole@houstoncriminaldefense.com; Khandelwal, Sharad (USATXS); Sebastian.Edwards@usdoj.gov |
| **Subject:** | USA v Hector Aaron Ruiz 20-582 |
| **Attachments:** | 20-cr-582, USA v Ruiz, Jury Instructions.docx |

Counsel:

The Judge asked me to forward the following message from him.

Attached is the draft final version of the Instructions and the Verdict Form that will be filed on the Docket this evening. Consider this towards our final discussion at charge conference tomorrow morning.

Highlighted in blue are particular items to consider that I will want to discuss. Some are simply to flag that I want to discuss it with you. Others are to emphasize that there are substantive changes to those sections from our prior discussions, and you should read them closely. However, you must read the entire draft closely for any concerns on behalf of your client as to any edits that have been made throughout.

Note that I moved "Unanimity of Theory" to the end of the general instructions to immediately precede the instructions as to Counts One, Two, and Four. It seems those should array more closely together. More important, I am wondering whether aspects of that section are now redundant as to the way Counts One and Four are now being instructed, after our discussions yesterday. I will want to consider whether this section should be trimmed or eliminated, with any other aspects also moved into Counts One and Four.

**Jennelle Gonzalez**
Case Manager to the Hon. Charles Eskridge, U.S. District Judge
U.S. District Court - SD/TX, Houston Division
515 Rusk Street, Room 9015 | Houston, Texas 77002
Phone: (713) 250-5257

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NUMBER 20-cr-582** |
| | § | |
| **HECTOR AARON RUIZ,** | § | |
| **Defendant.** | § | |

**JURY INSTRUCTIONS**

**MEMBERS OF THE JURY:**

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

## DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened — that is, in reaching your decision as to the facts — it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what

the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

## PRESUMPTION OF INNOCENCE,
## BURDEN OF PROOF, AND REASONABLE DOUBT

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the Defendant here is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all and no inference whatever may be drawn from the election of a defendant not to testify.

The Government has the burden of proving the Defendant's guilt beyond a reasonable doubt, and if it fails to do so, you must acquit the Defendant. While the Government's burden of proof is a strict or heavy burden, it is not necessary that the Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

## EVIDENCE:
## EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the

4

contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

## EVIDENCE:
## INFERENCES—DIRECT AND CIRCUMSTANTIAL

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weight you may give to either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the Defendant beyond a reasonable doubt before you can find him guilty.

## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the Government has proved the guilt of the Defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case?

Did the witness have any relationship with either the Government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

## EXPERT OPINION TESTIMONY

During the trial you heard the testimony from, for the Government, Heather Simon, Jessica Lake, Jennifer Young, Christopher Menard, Trista Gleason, and from, for the Defendant, Peter Williamson, Salvador Nolasco, and Carrie Edwards, who were found to be qualified to express expert opinions in this case.

If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it, and you may give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

## MEANING OF "ON OR ABOUT"

You will note that the Indictment charges that the offense was committed on or about a specified date. The Government does not have to prove that the crime was committed on that exact date, so long as the Government proves beyond a reasonable doubt that the Defendant committed the crimes charged in the Indictment reasonably near the dates alleged in the Indictment.

## CAUTION:
## CONSIDER ONLY CRIME CHARGED

You are here to decide whether the Government has proved beyond a reasonable doubt that the Defendant is guilty of the crimes charged. The Defendant is not on trial for any act, conduct, or offense not alleged in the

Indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

## CAUTION:
## PUNISHMENT

If the Defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

## SINGLE DEFENDANT, MULTIPLE COUNTS

A separate crime is charged in each count of the Indictment. Each count, and the evidence pertaining to it, should be considered separately. The fact that you may find the Defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other.

## DUTY TO DELIBERATE

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the Indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.

During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the Government has proved the Defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

**[Explain verdict form.]**

The foreperson will write the unanimous answer of the jury in the space provided for each count of the Indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the Indictment, until after you have reached a unanimous verdict.

## IDENTIFICATION TESTIMONY

In any criminal case the Government must prove not only the essential elements of the offense or offenses charged, as hereafter defined, but must also prove, beyond a reasonable doubt, the identity of the Defendant as the perpetrator of the alleged offenses.

In evaluating the identification testimony of a witness you should consider all of the factors already mentioned concerning your assessment of the credibility of any witness in general, and you should also consider whether the witness had an adequate opportunity to observe the person in question at the time or times about which the witness testified. You may consider all matters, including the length of time the witness had to observe the person in question, the prevailing conditions at that time in terms of visibility or distance and the like, and whether the witness had known or observed the person at earlier times.

You may also consider the circumstances surrounding the identification itself including, for example, the manner in which the Defendant was presented to the witness for identification, and the length of time that elapsed between the

incident in question and the next opportunity the witness had to observe the Defendant.

If, after examining all of the testimony and evidence in the case, you have a reasonable doubt as to the identity of the Defendant as the perpetrator of the offense charged, you must find the Defendant not guilty.

## MEANING OF "KNOWINGLY" TO ACT

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

## MEANING OF "WILLFULLY" TO ACT

The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law

## SUMMARIES AND CHARTS NOT RECEIVED IN EVIDENCE

Certain charts and summaries have been shown to you solely as an aid to help explain the facts disclosed by evidence (testimony, books, records, and other documents) in the case. These charts and summaries are not admitted evidence or proof of any facts. You should determine the facts from the evidence that is admitted.

## SUMMARIES AND CHARTS RECEIVED IN EVIDENCE

Certain charts and summaries have been received into evidence. You should give them only such weight as you think they deserve.

## UNANIMITY OF THEORY

You have been instructed that your verdict, whether it is guilty or not guilty, must be unanimous. The following instruction applies to the unanimity requirement as to Counts One and Four.

Count One of the Indictment accuses the Defendant of committing the crime of Deprivation of Civil Rights. As to the enhancement applicable to this offense, the Defendant is accused of committing the crime in two different ways. The first is that the Defendant committed aggravated sexual abuse. The second is that the Defendant committed kidnapping. For this enhancement to apply, the Government does not have to prove each of these for you to return a guilty verdict on this charge. Proof beyond a reasonable doubt on one is enough. But all of you must agree that the same one has been proved. All of you must agree that the Government proved beyond a reasonable doubt that the Defendant committed aggravated sexual abuse, or all of you must agree that the Government proved beyond a reasonable doubt that the Defendant committed kidnapping.

Count Four of the Indictment accuses the Defendant of committing the crime of Deprivation of Civil Rights. As to the enhancement applicable to this offense,

the Defendant is accused of committing the crime in three different ways. The first is that the Defendant caused bodily injury. The second is that the Defendant committed aggravated sexual abuse. The third is that the Defendant committed kidnapping. For this enhancement to apply, the Government does not have to prove all of these for you to return a guilty verdict on this charge. Proof beyond a reasonable doubt on one is enough. But all of you must agree that the same one has been proved. All of you must agree that the Government proved beyond a reasonable doubt that the Defendant caused bodily injury, or all of you must agree that the Government proved beyond a reasonable doubt that the Defendant committed aggravated sexual abuse, or all of you must agree that the Government proved beyond a reasonable doubt that the Defendant committed kidnapping.

## COUNT ONE:
## DEPRIVATION OF CIVIL RIGHTS
## (18 U.S.C. § 242)

Title 18, United States Code, Section 242, makes it a crime for anyone, acting under color of law, willfully to deprive any person of a right secured by the Constitution or laws of the United States.

For you to find the Defendant guilty of this crime, you must be convinced that the Government has proven each of the following elements beyond a reasonable doubt:

*First*: That the Defendant deprived the person, RAVEN LILLIE, alleged in the Indictment as VICTIM #1, of a right secured by the Constitution or laws of the United States—namely, RAVEN LILLIE's due process right to bodily integrity—by RAVEN LILLIE's mouth and vagina making contact with the Defendant's penis against RAVEN LILLIE's will;

*Second*: That the Defendant acted willfully, that is, that the Defendant committed such act or acts with a bad purpose to disobey or disregard the law, specifically intending to deprive the person of that right; and

*Third*: That the Defendant acted under color of law.

**Right to Bodily Integrity.** As to the first element, the Indictment charges that the Defendant deprived RAVEN LILLIE of the right not to be deprived of liberty without due process of law, which includes the right to bodily integrity.

15

You are instructed that this right is one secured by the Constitution and laws of the United States and it encompasses the right to be free from unauthorized physical contact by a person acting under color of law, including sexual acts without consent.

Not every unjustified touching or grabbing by someone acting under color of law rises to a level of a constitutional violation. The conduct must be serious or substantial and can include unwanted, forced, or coerced sexual activity. The conduct must be egregious and outrageous enough to shock the conscience.

In determining whether the Defendant's conduct constitutes unwanted sexual contact, it is not necessary to find that the Defendant used physical force against RAVEN LILLIE. Instead, you should consider the totality of the circumstances, including the context in which the alleged incident occurred. This can include, if you find any of the following to be true or informative, the relationship between the parties, the relative positions of power and authority between the Defendant and RAVEN LILLIE, the disparity in size between the Defendant and RAVEN LILLIE, and the use of mental coercion. Consent that is the product of official intimidation or harassment is not consent at all. An individual does not consent if she is coerced into complying with a request that she would prefer to refuse.

**Willful Action.** As to the second element, to find that the Defendant was acting willfully, it is not necessary for you to find that the Defendant knew the specific Constitutional provision or federal law that his conduct violated. But the Defendant must have a specific intent to deprive the person of a right protected by the Constitution or federal law.

**Under Color of Law.** As to the third element, acting "under color of law" means acts done under any state law, county or city ordinance, or other governmental regulation, and acts done according to a custom of some governmental agency. It means that the Defendant acted in his official capacity or else claimed to do so, but abused or misused his power by going beyond the bounds of lawful authority.

**Enhancement for (a) Aggravated Sexual Abuse or (b) Kidnapping.** If you do find the Defendant guilty of this crime, you must then also determine whether the Government has also proven beyond a reasonable doubt that the Defendant's conduct involved aggravated sexual abuse or kidnapping. You will see on the Verdict Form a question concerning aggravated sexual abuse and a question concerning kidnapping. You should consider these questions only if you have found that the Government has proven the Defendant guilty as charged in Count One of the Indictment.

For this enhancement to apply, the Government does not have to prove that aggravated sexual abuse and kidnapping both occurred. Proof beyond a reasonable doubt as to one of these is enough. But in order to answer in the affirmative, all of you must agree that the same one has been proven.

**(a) Aggravated Sexual Abuse.** For the question as to whether the Defendant's conduct included aggravated sexual abuse, the term "aggravated sexual abuse" is defined as knowingly causing another person to engage in a sexual act: (1) by placing that other person in fear that she will be subjected to death, serious bodily injury, or kidnapping; or (2) by using physical force against that other person. A sexual act includes (A) any contact between RAVEN LILLIE's mouth and the Defendant's penis; and (B) any contact between RAVEN LILLIE's vulva and the Defendant's penis.

You may find that the Defendant's conduct involved aggravated sexual abuse if you find that the Defendant placed RAVEN LILLIE in fear of death, serious bodily injury, or kidnapping.

Alternatively, you may find that the Defendant's conduct involved aggravated sexual abuse if you find that the Defendant used physical force during the alleged sexual assault sufficient to overcome RAVEN LILLIE's will to resist, although actual violence is not required. The requirement of force may be satisfied by a showing of the use of physical force sufficient to overcome, restrain, or injure

a person to coerce or compel submission by RAVEN LILLIE. For the purposes of this definition of aggravated sexual abuse, restraint alone can constitute sufficient force to meet the force requirement when a defendant employs a degree of restraint sufficient to prevent an individual from escaping the sexual contact.

**(b) Kidnapping.** To "kidnap" a person means to unlawfully hold, keep, detain or confine a person against her will and without her consent. Involuntariness or coercion in connection with RAVEN LILLIE's detention is an essential part of the offense.

## COUNT TWO:
## DESTROYING, ALTERING, OR FALSIFYING DOCUMENT
## IN FEDERAL INVESTIGATION
## (18 U.S.C. § 1519)

Title 18, United States Code, Section 1519 makes it a crime for anyone to knowingly conceal, cover up, falsify, or make false entry in a record or document with the intent to impede, obstruct, or influence the investigation of the proper administration of a matter within the jurisdiction of any department or agency of the United States.

For you to find the Defendant guilty of this crime, you must be convinced that the Government has proven each of the following beyond a reasonable doubt:

*First:* That on or about November 16, 2019, the Defendant knowingly concealed, covered up, falsified, or made a false entry in a record or document, specifically dashboard camera recordings or body microphone recordings;

*Second:* That the Defendant acted with the intent to impede, obstruct, or influence the investigation or proper administration of a matter; and

*Third:* That the matter was within the jurisdiction of Federal Bureau of Investigation, which is an agency of the United States.

There is no requirement that the matter or investigation have been pending or imminent at the time of the obstruction, but only that the acts were taken in relation to or in contemplation of any such matter or investigation.

The Government is not required to prove that the Defendant specifically knew the matter or investigation was within the jurisdiction of a department or agency of the United States. In other words, you need not find the Defendant knew he was obstructing, impeding, influencing a matter that was federal in nature.

A "tangible object" is one used to record or preserve information.

## COUNT FOUR:
## DEPRIVATION OF CIVIL RIGHTS
## (18 U.S.C. § 242)

Title 18, United States Code, Section 242, makes it a crime for anyone, acting under color of law, willfully to deprive any person of a right secured by the Constitution or laws of the United States.

For you to find the Defendant guilty of this crime, you must be convinced that the Government has proven each of the following elements beyond a reasonable doubt:

*First*: That the Defendant deprived the person, MARIA MIRAMONTES, alleged in the Indictment as VICTIM #2, of a right secured by the Constitution or laws of the United States—namely, MARIA MIRAMONTES's due process right to bodily integrity—by MARIA MIRAMONTES's mouth making contact with the Defendant's penis against MARIA MIRAMONTES's will;

*Second*: That the Defendant acted willfully, that is, that the Defendant committed such act or acts with a bad purpose to disobey or disregard the law, specifically intending to deprive the person of that right; and

*Third*: That the Defendant acted under color of law.

**Right to Bodily Integrity.** As to the first element, the Indictment charges that the Defendant deprived MARIA MIRAMONTES of the right not to be deprived of liberty without due process of law, which includes the right to bodily

integrity. You are instructed that this right is one secured by the Constitution and laws of the United States and it encompasses the right to be free from unauthorized physical contact by a person acting under color of law, including sexual acts without consent.

Not every unjustified touching or grabbing by someone acting under color of law rises to a level of a constitutional violation. The conduct must be serious or substantial and can include unwanted, forced, or coerced sexual activity. The conduct must be egregious and outrageous enough to shock the conscience.

In determining whether the Defendant's conduct constitutes unwanted sexual contact, it is not necessary to find that the Defendant used physical force against MARIA MIRAMONTES. Instead, you should consider the totality of the circumstances, including the context in which the alleged incident occurred. This can include, if you find any of the following to be true or informative, the relationship between the parties, the relative positions of power and authority between the Defendant and MARIA MIRAMONTES, the disparity in size between the Defendant and MARIA MIRAMONTES, and the use of mental coercion. Consent that is the product of official intimidation or harassment is not consent at all. An individual does not consent if she is coerced into complying with a request that she would prefer to refuse.

**Willful Action.** As to the second element, to find that the Defendant was acting willfully, it is not necessary for you to find that the Defendant knew the specific Constitutional provision or federal law that his conduct violated. But the Defendant must have a specific intent to deprive the person of a right protected by the Constitution or federal law.

**Under Color of Law.** As to the third element, acting "under color of law" means acts done under any state law, county or city ordinance, or other governmental regulation, and acts done according to a custom of some governmental agency. It means that the Defendant acted in his official capacity or else claimed to do so, but abused or misused his power by going beyond the bounds of lawful authority.

**Enhancement for (a) Bodily Injury, (b) Aggravated Sexual Abuse, or (c) Kidnapping.** If you do find the Defendant guilty of this crime, you must then also determine whether the Government has also proven beyond a reasonable doubt that the Defendant's conduct resulted in bodily injury or involved aggravated sexual abuse or kidnapping. You will see on the Verdict Form a question concerning bodily injury, a question concerning aggravated sexual abuse, and a question concerning kidnapping. You should consider these questions only if you have found that the Government has proven the Defendant guilty as charged in Count Four of the Indictment.

24

For this enhancement to apply, the Government does not have to prove that bodily injury, aggravated sexual abuse, and kidnapping all occurred. Proof beyond a reasonable doubt as to one of these is enough. But in order to answer in the affirmative, all of you must agree that the same one has been proven.

**(a) Bodily Injury.** "Bodily injury" means (A) a cut, abrasion, bruise, burn, or disfigurement (B) physical pain; (C) illness; (D) impairment of a function of a bodily member, organ, or mental faculty; or (E) any other injury to the body, no matter how temporary.

**(b) Aggravated Sexual Abuse.** For the question as to whether the Defendant's conduct included aggravated sexual abuse, the term "aggravated sexual abuse" is defined as knowingly causing another person to engage in a sexual act: (1) by placing that other person in fear that she will be subjected to death, serious bodily injury, or kidnapping; or (2) by using physical force against that other person. A sexual act includes any contact between MARIA MIRAMONTES's vulva and the Defendant's penis.

You may find that the Defendant's conduct involved aggravated sexual abuse if you find that the Defendant placed MARIA MIRAMONTES in fear of death, serious bodily injury, or kidnapping.

Alternatively, you may find that the Defendant's conduct involved aggravated sexual abuse if you find that the Defendant used physical force during the alleged sexual assault sufficient to overcome MARIA MIRAMONTES's will to resist, although actual violence is not required. The requirement of force may be satisfied by a showing of the use of physical force sufficient to overcome, restrain, or injure a person to coerce or compel submission by MARIA MIRAMONTES. For the purposes of this definition of aggravated sexual abuse, restraint alone can constitute sufficient force to meet the force requirement when a defendant employs a degree of restraint sufficient to prevent an individual from escaping the sexual contact.

**(c) Kidnapping.** To "kidnap" a person means to unlawfully hold, keep, detain or confine a person against her will and without her consent. Involuntariness or coercion in connection with MARIA MIRAMONTES's detention is an essential part of the offense.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NUMBER 20-cr-582** |
| | § | |
| **HECTOR AARON RUIZ,** | § | |
| **Defendant.** | § | |
| | § | |

## VERDICT FORM

**ON COUNT ONE:**

We, the jury, find Defendant, Hector Aaron Ruiz:

_____  **Not Guilty**              _____  **Guilty**

of deprivation of rights as to RAVEN LILLIE, alleged in the Indictment as VICTIM #1 in the Indictment, as charged in Count One of the Indictment.

If you found the Defendant guilty of Count One, you must then also answer each of the following questions as determined unanimously and beyond a reasonable doubt.

If you found the Defendant not guilty of Count One, do not answer the following questions.

Did the Defendant's conduct include Aggravated Sexual Abuse?

_____  **Yes**                _____  **No**

Did the Defendant's conduct include Kidnapping?

_____  **Yes**                _____  **No**

**ON COUNT TWO:**

We, the jury, find the Defendant, Hector Aaron Ruiz:

**_____ Not Guilty**            **_____ Guilty**

**ON COUNT FOUR:**

We, the jury, find Defendant, Hector Aaron Ruiz:

_____ **Not Guilty**                _____ **Guilty**

of deprivation of rights as to <mark>MARIA MIRAMONTES, alleged in the Indictment as Victim #2,</mark> as charged in Count Four of the Indictment.

If you found the Defendant guilty of Count Four, you must then also answer each of the following questions as determined unanimously and beyond a reasonable doubt.

If you found the Defendant not guilty of Count One, do not answer the following questions.

Did the Defendant's conduct result in Bodily Injury?

_____ **Yes**                _____ **No**

Did the Defendant's conduct include Aggravated Sexual Abuse?

_____ **Yes**                _____ **No**

Did the Defendant's conduct include Kidnapping?

_____ **Yes**                _____ **No**

_____
FOREMAN OF THE JURY


Signed on _____ 2023