UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS. | § § | NO. 4:20-CR-00582 |
| HECTOR AARON RUIZ | § § | |

**NOTICE OF OBJECTIONS TO
THE COURT'S FINAL JURY CHARGE**

TO THE HONORABLE CHARLES ESKRIDGE III, UNITED STATES DISTRICT JUDGE FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION:

The Defendant provides the Court with his objections to the jury charge as stated on the record during the preliminary and final charge conference.

**Objection No. 1**

The Defendant objected to the instruction on page 13. The Defendant objected to using the term "will" and instead requested that the Court replace the term "will" with "consent."

**Objection No. 2**

The Defendant objected to the instruction on page 14. The Defendant objected to the following language:

> This can include, if you find any of the following to be true or informative, the relationship between the parties, the relative positions of power and authority between the Defendant and RAVEN LILLIE, the disparity in size between the Defendant and RAVEN LILLIE, and the use of mental coercion.

1

The Defendant requested that the Court provide the following instruction:

As to the first element, in determining whether the defendant's conduct constitutes unwanted sexual contact, it is not necessary to find that the defendant used physical force against alleged RAVEN LILLIE. Instead, you should consider the totality of the circumstances, including the context in which the alleged incident occurred. Consent that is the product of official intimidation or harassment is not consent at all. An individual does not consent if she is coerced into complying with a request that she would prefer to refuse.

**Objection No. 3**

The Defendant objected to the instruction on pages 16 and 17. Specifically, the Defendant objected to the phrase "although actual violence is not required" on page 16. In addition, the Defendant objected to the term "coerce" on page 17.

The Defendant requested the following instruction instead:

Alternatively, you may find that the defendant's conduct involved aggravated sexual abuse if you find that the defendant used physical force during the alleged sexual assault sufficient to overcome the victim's will to resist. The requirement of force may be satisfied by a showing of the use of physical force sufficient to overcome, restrain, or injure a person or compel submission by Raven Lillie.

**Objection No. 4**

The Defendant requested the following language be placed on page 15, after the "color of law" instruction:

If you do not find that the government has proved the allegation as charged in Court 1 of the indictment, namely that the Defendant deprived RAVEN LILLIE of her right to bodily integrity, you must say so by your verdict "not guilty."

**Objection No. 5**

The Defendant objected to the instruction on page 19. The Defendant objected to using the term "will" and instead requested that the Court replace the term "will" with "consent."

**Objection No. 6**

The Defendant objected to the instruction on page 20. The Defendant objected to the following language:

> This can include, if you find any of the following to be true or informative, the relationship between the parties, the relative positions of power and authority between the Defendant and MARIA MIRAMONTES, the disparity in size between the Defendant and MARIA MIRAMONTES, and the use of mental coercion.

The Defendant requested that the Court provide the following instruction:

> In determining whether the defendant's conduct constitutes unwanted sexual contact, it is not necessary to find that the defendant used physical force against alleged MARIA MIRAMONTES. Instead, you should consider the totality of the circumstances, including the context in which the alleged incident occurred. Consent that is the product of official intimidation or harassment is not consent at all. An individual does not consent if she is coerced into complying with a request that she would prefer to refuse.

**Objection No. 7**

The Defendant objected to the instruction on page 22. Specifically, the Defendant objected to the phrase "although actual violence is not required" on page 22. In addition, the Defendant objected to the term "coerce" on page 22.

The Defendant requested the following instruction instead:

Alternatively, you may find that the defendant's conduct involved aggravated sexual abuse if you find that the defendant used physical force during the alleged sexual assault sufficient to overcome the victim's will to resist. The requirement of force may be satisfied by a showing of the use of physical force sufficient to overcome, restrain, or injure a person or compel submission by MARIA MIRAMONTES.

## **Objection No. 8**

The Defendant requested the following language be placed on page 21, after the "color of law" instruction:

If you do not find that the government has proved the allegation as charged in Court 4 of the indictment, namely that the Defendant deprived MARIA MIRAMONTES of her right to bodily integrity, you must say so by your verdict "not guilty."

Respectfully submitted,

*/s/ Javier O. Martinez*
JAVIER O. MARTINEZ
Federal ID No. 2164819
TBA No. 24082538
1001 McKinney St., Suite 1600
Houston, Texas 77002
Telephone:(713) 228-8500
Facsimile: (713) 228-0034
Email: jom@martinezcriminaldefense.com

Attorney for Defendant,
HECTOR AARON RUIZ

4

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties.

*/s/ Javier O. Martinez*
JAVIER O. MARTINEZ
