UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:20-CR-00582 |
| | § | |
| HECTOR AARON RUIZ | § | |

**MOTION TO DISMISS COUNT ONE OF THE INDICTMENT**

TO THE HONORABLE CHARLES R. ESKRIDGE III, UNITED STATES DISTRICT JUDGE FOR THE SOUTHERN DISTRICT OF TEXAS – HOUSTON DIVISION:

Count One of the Indictment warrants dismissal because it does not allege the essential elements of aggravated sexual abuse and kidnapping. A Defendant can be charged with aggravated sexual abuse and kidnapping through various manner and means. The indictment here does not inform the Defendant which elements of aggravated sexual abuse and kidnapping applied to his conduct and how the Defendant's conduct met each element.

Alternatively, Count One of the Indictment is facially deficient even if the Court finds that the indictment sets out all the essential elements. Taking the allegations in the indictment as true, merely pleading that the Defendant engaged in a sexual act without the victim's consent is not enough to meet the statutory elements of aggravated sexual abuse and kidnapping. As a result, the indictment fails to the state these two aggravated offenses.

1

Because of these errors and deficiencies, dismissal of Count One is the appropriate remedy.

## I. The Indictment against Mr. Ruiz.

Mr. Ruiz is charged with deprivation of rights under color of law. 18 U.S.C. § 242. He is alleged to have engaged in a "sexual act" with Victim #1 without her consent and therefore deprived her of her right to bodily integrity. (Exhibit A – Indictment). If proven true, this charge is a misdemeanor.

> **COUNT ONE**
> **Deprivation of Rights Under Color of Law**
> **(18 U.S.C. § 242)**
>
> On or about November 16, 2019, in the Southern District of Texas and within the jurisdiction of the Court, the Defendant,
>
> **HECTOR AARON RUIZ,**
>
> while acting under color of law as an officer with the Arcola Police Department, engaged in a sexual act with Victim #1 without her consent, thereby willfully depriving Victim #1 of liberty without due process of law, which includes the right to bodily integrity, a right secured and protected by the Constitution and the laws of the United States. This act included aggravated sexual abuse and kidnapping.
>
> **In violation of 18 U.S.C. § 242.**

The indictment does not stop there. In order to get an elevated punishment of life in prison, the government also alleged that "this act included aggravated sexual abuse and kidnapping." The "act" that is mentioned in the last sentence of the indictment does not specify which act it is referring to. The allegation is vague and unclear.

The government stated that the "act" included aggravated sexual abuse and kidnapping, but the indictment does not list the elements of aggravated sexual abuse or kidnapping. And because the elements are not listed, the indictment also does not specify how Mr. Ruiz conduct met the elements of those aggravated offenses. This is important because aggravated sexual abuse and kidnapping can be committed in different ways.

For example, aggravated sexual abuse is committed when the Defendant knowingly causes a person to engage in sexual conduct by using force or threats. 18 U.S.C. § 2241. A defendant can be found guilty of kidnapping if the Defendant unlawfully detained, held or kept the person without her consent. Fifth Circuit Pattern Jury Instructions 2.54. These elements are not found in the indictment.

The indictment is legally deficient, and should be dismissed for the reasons stated below.

## II. The law on sufficiency of indictments.

An indictment must "set forth each essential element of an offense." *United States v. Wilson,* 884 F.2d 174, 179 (5th Cir.1 989). To be valid, an indictment "must charge positively and not inferentially everything essential." *Wilkins v. United States,* 376 F.2d 552, 562 (5th Cir. 1967). Moreover, a valid indictment must state the alleged offense "with sufficient clarity and certainty to apprise the accused of the crime with which he is charged." *United States v. Kay,* 359 F.3d 738, 742 (5th Cir.

2004).

To be sufficient, an indictment must "(1) enumerate each prima facie element of the charged offense; (2) notify the defendant of the charges filed against him; and (3) provide the defendant with a double jeopardy defense against future prosecutions." *United States v. Nevers*, 7 F.3d 59, 62 (5th Cir. 1993) (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)).

Furthermore, the indictment must state each element of the charged crime and allege that the Defendant's conduct met each of those elements. *United States v. London*, 550 F.2d 206, 211 (5th Cir. 1977).

### III. Are aggravated sexual abuse and kidnapping additional offenses or sentencing enhancements?

Because only "offenses" are required to be pled in an indictment, a fair question is whether the aggravated sexual abuse and kidnapping allegations found in 18 U.S.C. § 242 are indeed "offenses" or merely sentencing "enhancements." Sentencing enhancement do not have to be pled in the indictment nor proven to the jury beyond a reasonable doubt. *Almendarez-Torres v. United States*, 523 U.S. 224, 228 (1998). To the contrary, an "offense" needs to be pled in the indictment and proven to the jury beyond a reasonable doubt. *United States v. Williams*, 343 F.3d 423, 432 (5th Cir. 2003).

Fortunately, the Fifth Circuit has settled this question for us. In *United States v. Williams*, the Fifth Circuit was tasked with deciding whether the bodily injury,

and aggravated sexual abuse and kidnapping allegations in 18 U.S.C. § 242 where "offenses" or "enhancements." *United States v. Williams*, 343 F.3d 423 (5th Cir. 2003). Relying on the landmark case of *Apprendi v. New Jersey*, the Fifth Circuit held that § 242 defined "three separate offenses, not one offense with two sentence enhancements." *Id*. at 434.

Applying *Apprendi* here, because the aggravated sexual abuse and kidnapping are "separate offenses" in § 242, they must be charged in an indictment, and proven to a jury beyond a reasonable doubt. *Williams*, 343 F.3d at 432 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 476 (2000)). And since aggravated sexual abuse and kidnapping are offenses that must be pled, Mr. Ruiz's indictment must specify "each essential element" of those offenses. *Wilson, supra*.

**IV. Count One of the Indictment fails to allege the essential elements of the aggravated abuse and kidnapping offenses.**

The indictment here does not specify the essential elements of aggravated sexual abuse or kidnapping as required by law. Because of that, Count One of the Indictment should be dismissed.

The indictment merely states, "this act included aggravated sexual abuse and kidnapping." (Exhibit A – Indictment). This statement is insufficient, vague, and does not give the Defendant fair notice about how the Defendant's conduct met the essential elements of aggravated sexual abuse or kidnapping.

The omission of the elements is important because an individual can be charged with aggravated sexual abuse by various means as described below:

> (a) **By force or threat**. -- Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency, knowingly causes another person to engage in a sexual act—
>
> (1) by using force against that other person; or
>
> (2) by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping; 18 U.S.C. § 2241.

Because the elements are missing, the indictment does not give the accused fair notice about how his conduct rose to the level of aggravated sexual abuse. In addition, there is no certainty that the grand jury was properly instructed on how Mr. Ruiz's conduct applied to the law of aggravated sexual abuse.

The same goes for kidnapping. A defendant can be found guilty of kidnapping if the Defendant unlawfully detained, held or kept the person without her consent. Fifth Circuit Pattern Jury Instructions 2.54. None of these essential elements of these offenses are found in the indictment either.

The indictment lowers the government's burden proof. Without an explanation of what elements constitute aggravated sexual abuse or kidnapping, the jury is free to convict on only the fact that Mr. Ruiz engaged in sexual contact without the victim's consent. This act alone is insufficient for conviction under these aggravated offenses.

This indictment does not state the essential elements of the crime charge; those omissions render this indictment defective. Dismissal of the indictment is appropriate.

**V. Alternatively, the indictment as written does not state the offenses of aggravated sexual abuse or kidnapping either.**

Assuming that the Court finds that the bare-bones statement that "the act included aggravated sexual abuse and kidnapping" lays out the elements of the offense, the indictment still does not state the offenses of aggravated sexual abuse and kidnapping. When a defendant challenges an indictment because it fails to state an offense, "the court is required to take the allegations of the indictment as true, and determine whether an offense has been stated." *United States v. Crow*, 164 F.3d 229, 234 (5th Cir. 1999).

Taking the allegations in the indictment as true, the indictment fails to state the offenses of aggravated abuse and kidnapping. As for aggravated sexual abuse, the government must prove that the Defendant used "force or threats." 18 U.S.C. § 2241. The indictment merely states that Mr. Ruiz engaged in a sexual act without the consent of Victim #1. There is no allegation of force or threat. Thus, the indictment therefore does not allege the offense of aggravated sexual abuse.

The same reasoning applies to the kidnapping charge. The allegation that Mr. Ruiz engaged in a sexual act without the consent of Victim #1 does not meet the elements of kidnapping. Specifically, that he unlawfully detained, restrained, or kept

the person without her consent.

Dismissal of the indictment is appropriate under this theory as well.

**VI. Conclusion**

The Defendant asks that the Court dismiss Count One of the Indictment because the indictment fails to list out the elements of aggravated sexual abuse and kidnapping and how the Defendant's conduct met those elements.

But even if the Court finds that the indictment sufficiently states the aggravated charges against him, the indictment is also deficient because engaging in a sexual act without Victim #1's consent does not meet the statutory elements of aggravated sexual abuse and kidnapping.

The Defendant has been harmed because of the indictment's deficiency. Without alleging the proper elements of the aggravated charges, it is not reasonable to assume that the grand jury was properly instructed on how the facts applied to the law.

Nor does the indictment give the accused the ability to properly prepare a legal defense. As the Court is aware, the facts and legal theories that have been applied to this case are nuanced. Without a proper indictment and proper notice of how Mr. Ruiz's conduct applied to the elements of these aggravated offenses, Mr. Ruiz is at a considerable disadvantage.

The issues complained about here implicate the potential of Mr. Ruiz spending the rest of his life in prison. In all instances, but especially here, the Constitution requires a valid indictment supported by facts and law.

Respectfully submitted,

*/s/ Javier O. Martinez*
JAVIER O. MARTINEZ
Texas Bar No. 24082538
Federal ID. No. 2164819
1001 McKinney St., Suite 1600
Houston, Texas 77002
Telephone: (713) 228-8500
Email: jom@martinezcriminaldefense.com

Attorney for Hector Aaron Ruiz

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:20-CR-00582 |
| | § | |
| HECTOR AARON RUIZ | § | |

## CERTIFICATE OF CONFERENCE

The Court's Scheduling Order notes that motions to dismiss do not require conference between the parties.

*/s/ Javier O. Martinez*
JAVIER O. MARTINEZ

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered parties.

*/s/ Javier O. Martinez*
JAVIER O. MARTINEZ